**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 22-cr-20592-BLOOM**

UNITED STATES OF AMERICA,

      Plaintiff,

v.

LUIS V. VAZQUEZ VAZQUEZ,

      Defendant.

_____/

## ORDER ON MOTION FOR PRODUCTION OF RECORDS AND DOCUMENTS

**THIS CAUSE** is before the Court upon Defendant's Motion for Production of Records and Documents ("Motion"), ECF No. [157]. The Government did not file a response. The Court has reviewed the Motion, the record, and is otherwise fully advised. For the reasons that follow, the Motion is granted in part and denied in part.

The Defendant is currently serving his sentence and housed at FCI Miami. In Defendant's Motion, he seeks a copy of his Original Sentence, Statement of Reasons ("SOR"), Federal Presentence Report ("PSR"), Drug Quantity, Role Confirmation, and New Guideline Recalculated so that he may later file a motion for "2025 U.S.S.G., retroactive amendments." ECF No. [157].

The Court grants Defendant's request for a copy of his Original Sentence. As to Defendant's request for a copy of the SOR and PSR, the Bureau of Prisons ("BOP") Policy Statement 1351.05, Part Two, 12(a)(2)(d)(1) states:

> Federal Presentence Reports (PSR) and Statements of Reasons (SOR) from Judgments in Criminal Cases. For safety and security reasons, inmates are prohibited from obtaining or possessing photocopies of their PSRs, SORs, or other equivalent non-U.S. Code sentencing documents (e.g., D.C., state, foreign, military, etc.).

Section 12(a)(2)(d)(1) further states "[i]nmates violating this provision are subject to disciplinary action[]" and that PSRs and SORs received by mail will be treated as "contraband". Nonetheless, the policy provides that "[i]nmates needing a copy of their PSRs or SORs for filing as an attachment in a court case may obtain, complete, and submit to the court an Inmate Request For Certification or Judicial Notice of Pre-sentence Report and/or Statement of Reasons form (BP-S757.013)." Because BOP does not permit inmates to possess their PSRs and SORs, the Court denies his Motion as to copies of the PSR and SOR.

Defendant also requests a copy of the "Drug Quantity" and "Role Confirmation", which is information found within Defendant's PSR. Because the Court has denied the Motion as to the PSR, Defendant's Motion is also denied as to copies of the "Drug Quantity" and "Role Confirmation". Nevertheless, Defendant "may at any time request to review all disclosable portions of his or her Inmate Central File by submitting a request to a staff member designated by the Warden. Staff are to acknowledge the request and schedule the inmate, as promptly as is practical, for a review of the file at a time which will not disrupt institution operations." 28 C.F.R. § 513.40(a). Pursuant to BOP Policy Statement 1351.05, Part Two, 12(a)(2)(d)(1), "[a] PSR prepared on or after December 1, 1975, is to be placed in the disclosable portion of the Inmate Central File."

Finally, Defendant requests a copy of his "New Guideline Recalculated". Defendant cites no case law or statutory authority to support that this Court must recalculate his sentencing guidelines and provide him with a copy. As such, Defendant's Motion is denied as to his request for a copy of "New Guideline Recalculated".

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  Defendant's Motion, **ECF No. [157]**, is **GRANTED in part** and **DENIED in part**.

2.  The Court **DIRECTS** the Clerk to provide a copy of Defendant's Original Sentence to

him at FCI Miami, Post Office Box 77900, Miami, Florida 33177.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 20, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:

counsel of record

Luis Vidal Vazquez Vazquez
07746-506
Miami FCI
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 779800
Miami, FL 33177

3